NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES W. DENBY; et al., <br><br>         Plaintiffs-Appellees, <br><br>  v. <br><br> FRANCISCO X. LUJAN; et al., <br><br>         Defendants-Appellants, <br><br>  and <br><br> CITY OF CASA GRANDE; COUNTY OF PINAL, <br><br>         Defendants. | No.   19-15803 <br><br> D.C. No. 2:17-cv-00119-SPL <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted March 2, 2020
Phoenix, Arizona

Before: CLIFTON, OWENS, and BENNETT, Circuit Judges.

Individual law enforcement officer defendants ("Defendants") moved to

dismiss Plaintiffs' claims for violations of their constitutional rights arising from

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants' search that allegedly destroyed Plaintiffs' home. Defendants claimed that dismissal was mandated because they enjoy qualified immunity from suit. The district court denied the motion, and Defendants appealed. We remand for further proceedings.

We have interlocutory appellate jurisdiction over this appeal as our review does not require the resolution of any controlling facts. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998). Ordinarily, we review a denial of qualified immunity de novo and consider "whether the complaint alleges sufficient facts, taken as true, to support the claim that the [defendants'] conduct violated clearly established constitutional rights." *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018). However, we do not reach this review as the district court failed to "carefully examine the specific factual allegations against each individual defendant," *Cunningham v. Gates*, 229 F.3d 1271, 1287 (9th Cir. 2000), in determining if Plaintiffs' claims were adequately pled. In denying Defendants' motion to dismiss, the district court simply stated that it would not dismiss the claims because the qualified immunity claims required further factual development.

Because the district court did not examine the allegations as to each individual Defendant, we remand to the district court for further proceedings. On remand, the district court shall, in the first instance, make an individualized determination as to the alleged actions of each Defendant to determine whether dismissal based on

2

qualified immunity may be proper as to each Defendant.[1]  *See Keates*, 883 F.3d at 1242 (stating that, on a motion to dismiss, the court must determine whether a complaint "plausibly alleges that each of the defendants" was at least an integral participant in the violation of the plaintiffs' rights).

Each party shall bear its own costs.

**REMANDED.**

---

[1] The district court shall grant Plaintiffs additional leave to amend, if Plaintiffs seek to amend, to make more particularized allegations against the individual Defendants. We express no view on whether such amendment is necessary.